UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARMORY5, INC. and WILLIAM ABRAMS,

                Plaintiffs,

v.

JOHN LOGAN, *et al.*,

                Defendants.

**DECISION AND ORDER**

6:24-CV-06568 MAV CDH

---

Plaintiffs Armory5, Inc. ("Armory5"), and William Abrams (collectively "Plaintiffs") commenced this action "asserting claims related to the egregious and unlawful mismanagement of Armory 5" against numerous defendants (Dkt. 1 at 1; Dkt. 89 at 1 (second amended complaint)). The matter has been referred to the undersigned for all non-dispositive pretrial proceedings (*see* Dkt. 35; Dkt. 82), and on October 9, 2025, this Court held a telephone status conference to address whether the case should proceed to discovery. (*See* Dkt. 90). The Court ordered the parties to state their position on that issue by October 23, 2025. (*See id.*).

Two of the defendants—Harris Beach, PLLC ("Harris Beach") and Harris Beach law partner Shawn Griffin, Esq. (collectively, the "Attorney Defendants")—have submitted a letter asking the Court to stay discovery until their motion to dismiss the second amended complaint is decided. (Dkt. 93). Plaintiffs have submitted a letter opposing any such stay. (Dkt. 94).[1] For the reasons explained below, the Court

---

[1]     Due to what seems to be a filing error, Plaintiffs' twelve-page submission includes the same six-page letter twice.

stays discovery as to the Attorney Defendants until their motion to dismiss is decided. Discovery as to the remaining defendants shall proceed.

## BACKGROUND

Plaintiffs filed this case on October 2, 2025, asserting claims under the Defend Trade Secrets Act of 2016, the Computer Fraud and Abuse Act, and New York and Delaware law against three sets of defendants. (Dkt. 1; *see* Dkt. 53; Dkt. 89). First, Plaintiffs sue current and former Armory5 shareholders John Logan, David Kerrigan, and Timothy Cirincione (collectively, the "Shareholder Defendants"). (Dkt. 89 at ¶¶ 4-6). Second, they name the Attorney Defendants, Armory5's former lawyers. (*Id.* at ¶¶ 7-9). And third, they assert claims against thirteen limited liability companies, TECommunications, LLC, The Stone Keep LLC, The Stone Keep Holdings LLC, The Stone Keep BS LLC, The the [sic] Stone Keep Cyber Risk Management LLC, RYSE Communications LLC d/b/a Signal Technology Group ("RYSE"), Skanreis, LLC, Level N, LLC, R3 Accelerator, LLC, A5 Integration, LLC, Glacis5, LLC, Armory Five Syracuse, LLC, and Armory 5, LLC (collectively, the "Corporate Defendants").[2] (*Id.* at ¶¶ 10-24).

On November 15, 2024, Plaintiffs amended their complaint (Dkt. 53), and the Attorney Defendants moved to dismiss that pleading (Dkt. 73). On January 6, 2025, Plaintiffs moved for leave to file a second amended complaint under Federal Rule of

---

[2] An additional defendant, TechMD, was named in Plaintiff's original complaint, but the parties then stipulated to the dismissal of the claims against it, and that entity was not named in either of the amended complaints. (Dkt. 1 at 1; Dkt. Dkt. 53; 57; Dkt. 72; Dkt. 89).

Civil Procedure 15 (Dkt. 79) and presiding District Judge Meredith A. Vacca set a briefing schedule on that motion ordering Defendants to respond by February 17, 2025 (Dkt. 83). The Attorney Defendants timely filed a letter stating that they "d[id] not oppose" the motion to amend while "reserving all [their] rights" and stating that if the second amended complaint "bec[a]me the operative pleading in this case, [they] intend[ed] to file a second [m]otion to [d]ismiss it." (*Id.* at 84 at 1-2). None of the Shareholder or Corporate Defendants responded, and no action was taken by the parties for the next six months. On September 30, 2025, Judge Vacca granted Plaintiffs' motion to amend their complaint and denied the Attorney Defendants' motion to dismiss as moot. (Dkt. 88). Plaintiffs then filed their second amended complaint. (Dkt. 89).

The Shareholder Defendants answered the second amended complaint (Dkt. 91; Dkt. 92), while the Attorney Defendants moved to dismiss it (Dkt. 95). At Plaintiffs' request (Dkt. 98), a clerk's entry of default was entered against each of the Corporate Defendants (Dkt. 99), and Plaintiffs moved for default judgment against those defendants (Dkt. 100). On the day that motion was filed, all of the Corporate Defendants except RYSE moved to set aside the default (Dkt. 102), and they subsequently filed an answer to the second amended complaint (Dkt. 105). The motions to dismiss, for default judgment, and to set aside entry of default are pending before Judge Vacca.

On October 9, 2025, this Court held a telephone status conference with the parties to discuss whether a scheduling conference should be held and a scheduling

order set to establish discovery deadlines in this case. (*See* Dkt. 90). The Court ordered the parties to submit their positions on that question to the Court by October 23, 2025. (*See id.*). On that day, the Attorney Defendants filed a letter stating that "any scheduling conference or scheduling order should be deferred until after" their motion to dismiss—which they had not yet then filed—was decided; the Attorney Defendants opined that it would be "impossible to delineate the parameters of discovery until after there is a ruling on [that m]otion." (Dkt. 93 at 1). In contrast, Plaintiffs urged the Court that "a scheduling conference and scheduling order are both necessary and appropriate to all Defendants, including [the Attorney Defendants], regardless of the pendency of any motions to dismiss." (Dkt. 94). Five days after submitting their letter, the Attorney Defendants filed the motion to dismiss the second amended complaint referred to above, (Dkt. 95; Dkt. 96), and the parties are presently briefing that motion (*see* Dkt. 97).

## **DISCUSSION**[3]

Under Federal Rule of Civil Procedure 26(c), "[a] district court has discretion to stay discovery . . . upon a showing of good cause." *Reyes-Herrera v. Flaitz*, No. 6:19-CV-06257-MAT, 2020 WL 871264, at *8 (W.D.N.Y. Feb. 20, 2020) (quoting *Mirra v. Jordan*, No. 15-CV-4100(AT)(KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016)).

---

[3] A magistrate judge may hear and issue a decision on pretrial matters "not dispositive of a party's claim or defense" subject to district judge review on a "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). Decisions to stay discovery are non-dispositive. *See Palladino v. JPMorgan Chase & Co.*, 730 F. Supp. 3d 4, 9 (E.D.N.Y. 2024); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation.").

A defendant's filing of a motion to dismiss does not automatically constitute good cause to stay discovery, and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Allah v. Latona*, 522 F. Supp. 3d 1, 2 (W.D.N.Y. 2021) (quoting *Hong Leong Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). At the same time, courts have "'considerable discretion' to stay discovery and, under certain circumstances, 'a pending motion to dismiss may constitute good cause to stay discovery.'" *Id.* (alterations and some internal quotation marks omitted) (quoting *Hong Leong Ltd.*, 297 F.R.D. at 72).

"In determining whether good cause exists for a stay of discovery," courts weigh "three factors": "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Reyes-Herrera*, 2020 WL 871264, at *8 (quoting *Lithgow v. Edelmann*, 247 F.R.D. 61, 62 (D. Conn. 2007)). "The party seeking a stay of discovery bears the burden of showing good cause." *Id.* (quoting *Mirra*, 2016 WL 889559, at *2). "While various district courts debate which of the three factors is the most important, there can be little doubt that simplification of the issues and prejudice to the opposing party are more important than the case's state of completion." *Short v. City of Rochester*, 747 F. Supp. 3d 594, 598 (W.D.N.Y. 2024) (some internal quotation marks omitted) (quoting *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273-74 (E.D.N.Y. 2024)).

The Attorney Defendants argue that all three factors support staying discovery here, either against all Defendants or at least against themselves specifically. (Dkt.

93 at 3-4). Plaintiffs contend discovery should proceed against all Defendants. (Dkt. 94 at 2-3). Because only the Attorney Defendants have moved to dismiss the second amended complaint and requested a stay of discovery—and because the disposition of that motion would be unlikely to impact the scope of discovery in the case as to the other Defendants—the Court easily concludes that staying discovery against all Defendants is not necessary. It proceeds to consider whether the relevant factors support staying discovery against the Attorney Defendants.

### I. Strength of the Dispositive Motion

The Attorney Defendants argue that the first factor weighs in their favor because their motion to dismiss "establish[es] that the claims against [them] (all of which are state laws claims) are unmeritorious."[4] (Dkt. 93 at 3). In opposition, Plaintiffs contend that the Attorney Defendants have neither "demonstrated that dismissal is inevitable [n]or that Plaintiff's claims lack merit." (Dkt. 94 at 4).

---

[4] At the time of the Attorney Defendants' letter, they had not yet moved to dismiss the second amended complaint but rather said that their motion would be filed within the coming days. (Dkt. 93 at 1). Indeed, Plaintiffs argue in their letter that because Defendants have not yet filed their motion, their stated intention to do so could not "constitute a 'strong showing' that Plaintiff's claims are unmeritorious." (Dkt. 94 at 4). The Court rejects this argument: The fact that Attorney Defendants opposed discovery (Dkt. 93) a few days before they timely moved to dismiss the second amended complaint (Dkt. 95) does not mean that they have failed to establish good cause to stay discovery, particularly where they had previously moved to dismiss the first amended complaint (Dkt. 73). *See Short*, 747 F. Supp. 3d at 598 ("While the [defendant] filed its stay motion before filing its motion for summary judgment, the Court still finds that the [defendant] 'establishe[d] good cause' because it plainly stated it would file 'a dispositive motion' within a short period of time and did so." (alterations and some internal quotations omitted) (quoting *Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 66 (D. Conn. 2010))).

The second amended complaint asserts six state law causes of action against the Attorney Defendants for breach of fiduciary duty, fraud, tortious interference with contractual and/or business relations, unjust enrichment, conspiracy, and malpractice.[5] (Dkt. 89 at ¶¶ 170-86, 215-59, 267-91). Other claims asserted against the Shareholder and Corporate Defendants—including under the Defend Trade Secrets Act of 2016 and the Computer Fraud and Abuse Act and for misappropriation of trade secrets—are not asserted against the Attorney Defendants. (*Id.* at ¶¶ 150-69, 260-66). The Attorney Defendants' motion to dismiss argues that all of the claims asserted against them fail to state a claim on which relief can be granted and that several claims are duplicative. (*See* Dkt. 96 at 13-30).

As already noted, the Attorney Defendants' motion to dismiss is pending before Judge Vacca. The Court will therefore not examine the merits of the Attorney Defendants' motion in any great detail. *See Short*, 747 F. Supp. 3d at 599 (explaining that when "'different courts are deciding the stay motion and' the dispositive motion, 'it is a waste of judicial resources for the court deciding the stay motion to consider the strength of the motion to dismiss as a factor in determining the stay motion [because that would constitute] an unnecessary and unjustified duplication of efforts'" (alteration omitted) (quoting *In re Term Commodities Cotton Futures Litig.*, No. 12 CIV. 5126 ALC KNF, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013))).

---

[5] Plaintiffs also seek an accounting against all Defendants. (Dkt. 89 at ¶¶ 302-06).

The Court nonetheless notes that based on a cursory review of the motion, it presents "substantial arguments" and—were it to succeed—the Attorney Defendants would be dismissed as parties to this case. *See Palladino*, 730 F. Supp. 3d at 11 ("Where . . . defendants have presented substantial arguments for dismissal of many, if not all, of the claims asserted in the lawsuit, a stay of discovery is appropriate." (alteration in original) (quoting *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC*, No. 19-CV-7755, 2019 WL 6912282, at *2 (S.D.N.Y. Dec. 19, 2019))). Moreover, "'while the resolution of' the [Attorney Defendants' motion to dismiss] 'is for another day'—and another Judge—'a peek at the motion indicates that, at the very least, it may shape the number and nature of the claims going forward in a manner that could significantly impact the breadth of discovery.'" *Short*, 747 F. Supp. 3d at 599 (alteration omitted) (quoting *TentandTable.com, LLC v. Aljibouri*, No. 22-CV-78-LJV-MJR, 2022 WL 2009528, at *1 (W.D.N.Y. June 6, 2022)).

The Court therefore finds this factor weighs—if not overwhelmingly—in favor of staying discovery against the Attorney Defendants.

## II. **Breadth of Discovery Sought**

The second factor weighs even more strongly in favor of staying discovery against the Attorney Defendants. This is a case involving some eighteen defendants and an alleged scheme of "unlawful financial and business activities" over the course of "seven years." (Dkt. 89 at ¶¶4-24, 33). That is, this is a "complex, document-rich case." *Buffalo Emergency Assocs., LLP v. Unitedhealth Grp., Inc.*, No. 19-CV-1148S,

2020 WL 3259252, at *1 (W.D.N.Y. June 16, 2020). And so to allow Plaintiffs "to proceed to discovery" against all parties before resolution of a "comprehensive motion to dismiss that . . . may shape the number and nature of the claims going forward . . . could lead to unnecessary expenditures of time and resources." *Id.* Thus, even if the Attorney Defendants may be subject to some discovery in this litigation as a party or third party (*see* Dkt. 93 at 3) regardless of how Judge Vacca decides the motion to dismiss, the resolution of that motion "could significantly impact the breadth of discovery" served upon them. *See id.*

For those reasons, the second factor weighs in favor of staying discovery against the Attorney Defendants. *See Hewlett Packard Enter. Co. v. Aqua Sys., Inc.*, No. 23CV05640RPKJMW, 2024 WL 1159000, at *9 (E.D.N.Y. Mar. 18, 2024) (holding that second factor "favor[ed] a stay because the parties could avoid substantial burden and waste of resources by staying discovery until the motion to dismiss ha[d] been decided" and noting that "[g]iven that the alleged scheme dates as far back as 2015 and that the witnesses span various states and countries, it would be especially prudent to reserve any discovery until after the motion to dismiss [wa]s decided" (internal citation omitted)); *New York v. Grand River Enters. Six Nations, Ltd.*, No. 14-CV-910A F, 2015 WL 686819, at *3 (W.D.N.Y. Feb. 18, 2015) (holding that because "the scope and related burdens of discovery could be significantly affected" by decision on motion to dismiss, discovery should be stayed until motion was resolved).

Plaintiffs counter that "no discovery requests have yet been served" and that they are "prepared to work with Defendants to tailor discovery requests and to

address any specific concerns regarding scope or burden through the meet-and-confer process and, if necessary, motion practice." (Dkt. 94). The Court acknowledges that because discovery has not yet commenced, the exact burdens it may impose are somewhat abstract, and it appreciates Plaintiffs' stated willingness to work with Defendants. But discovery disputes—and, in particular, motion practice—are the very burdens that the Court is trying to avoid before a decision on the motion to dismiss has made the contours of the parties' controversy clearer. *See Short*, 747 F. Supp. 3d at 601 (noting that discovery "disputes require Court resources" and that "the efforts of the Court and parties will be for naught if the [defendant] prevail[ed] on its motion").

### III. Prejudice

Finally, the Court considers the prejudice to Plaintiffs, as the party opposing the stay, if discovery is stayed. As an initial matter, the Court notes that "some prejudice to the plaintiff is inherent in any delay but delay alone is insufficient to prevent a stay." *Id.* at 602 (quoting *McCracken v. Verisma Sys., Inc.*, No. 14-CV-6248 FPG/MJP, 2020 WL 6280939, at *5 (W.D.N.Y. Oct. 27, 2020)); *see O'Sullivan v. Deutsche Bank AG*, No. 17CIV8709LTSGWG, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) ("The passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay.").

The Attorney Defendants argue that "Plaintiffs cannot demonstrate that they will be prejudiced if discovery is temporarily delayed pending a decision on" the motion to dismiss because Plaintiffs have been far from diligent in pursuing this action. (Dkt. 93 at 3). More specifically, they note that "Plaintiffs chose to remain silent for approximately nine months while their *unopposed* motion to amend was pending." (*Id.*). In contrast, Plaintiffs assert that they have alleged "ongoing harm from Defendants' conduct, including the misappropriation of trade secrets, diversion of business opportunities, and financial injury" such that "[d]elaying discovery any further would prejudice Plaintiffs' ability to obtain timely relief, preserve evidence, and mitigate ongoing harm." (*Id.* at 5-6). They add that "[a] stay would also undermine judicial efficiency and case management." (*Id.* at 6).

The Court concludes that Defendants have the better argument. Other than their relatively unspecific reference to "ongoing harm," Plaintiffs do not identify any specific reason why they would be prejudiced if discovery was stayed other than the delay inherent in any discovery stay. Moreover, the Court believes it can largely mitigate Plaintiffs' concern by limiting the stay of discovery to the Attorney Defendants—who, after all, are not even alleged to be involved in any trade misappropriation. (*See* Dkt. 89). And Plaintiffs do not explain why, if their need for discovery was so pressing, they did not move for it months ago when they commenced this case and long before the Court held a discovery conference. Finally, for the reasons already explained, the Court already has concluded that judicial efficiency

and case management would be better served by staying discovery to the limited degree envisioned here.

For all those reasons, the Court finds that the third factor weighs in favor of a stay and that the Attorney Defendants have shown good cause as to why discovery should be stayed against them.

## **CONCLUSION**

For the reasons stated above, discovery is stayed as to the Attorney Defendants pending Judge Vacca's decision on their motion to dismiss the second amended complaint (Dkt. 95). The Court will hold a telephone scheduling conference to discuss the issuance of a scheduling order as to all other Defendants on January 14, 2026, at 2:30 p.m. Counsel for all parties, including the Attorney Defendants, shall attend.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:  Rochester, New York
        November 26, 2025