UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARMORY5, INC. and WILLIAM ABRAMS,

Plaintiffs,

DECISION AND ORDER
24-CV-6568-MAV

-vs-

JOHN LOGAN, DAVID KERRIGAN, TIMOTHY CIRINCIONE, SHAWN GRIFFIN, ESQUIRE, HARRIS BEACH, PLLC, TECOMMUNICATIONS, LLC, THE STONEKEEP LLC, THE STONE KEEP HOLDINGS LLC, THE STONE KEEP BS LLC, THE THE [SIC] STONE KEEP CYBER RIS MANAGEMENT LLC, RYSE COMMUNICATIONS LLC D/B/A SIGNAL TECHNOLOGY GROUP, SKANREIS, LLC, LEVEL N, LLC, R3 ACCELERATOR, LLC, A5 INTEGRATION, LLC, GLACIS5, LLC, ARMORY FIVE SYRACUSE, LLC, and ARMORY5, LLC.,

Defendants.

## INTRODUCTION

Plaintiffs Armory5, Inc. and William Abrams commenced this action on December 2, 2024, against all Defendants in the present case. ECF No. 1. On August 30, 2025, Plaintiffs filed their second amended complaint against all Defendants. ECF No. 89. Defendants A5 Integration, LLC, Armory Five Syracuse, LLC, Armory5, LLC, Glacis5, LLC, Level N, LLC, R3 Accelerator, LLC, TECommunications, LLC, The Stone Keep BS LLC, The Stone Keep Holdings LLC, The Stone Keep LLC, and The Stone Keep Cyber Risk Management LLC ("Defaulted Defendants") failed to answer

or otherwise respond to the second amended complaint. Plaintiff obtained an entry of default on November 7, 2025. ECF No. 99. On November 11, 2025, Plaintiff filed a motion for default judgment against Defaulted Defendants and Defaulted Defendants filed a motion to set aside default. ECF Nos. 100, 102. Now before the Court are both motions. For the reasons stated below, Defaulted Defendants' motion (ECF No. 102) is granted and Plaintiffs' motion for default judgment (ECF No. 100) is dismissed as moot.

## BACKGROUND

### 1. Procedural History

On October 2, 2025, Plaintiffs filed a complaint against Defendants. ECF No. 1. Plaintiffs filed their first amended complaint on November 15, 2024. ECF No. 53. On November 20, 2024, Plaintiffs filed Defaulted Defendants' executed waivers of service through counsel. ECF Nos. 60–70, 100 at 2.[1] Plaintiffs further amended their complaint on September 30, 2025. ECF No. 89.

Timothy Cirincione and John Logan filed an answer on October 13, 2025. ECF No. 91. David Kerrigan filed an answer on October 14, 2025. ECF No. 92. Shawn Griffin and Harris Beach, PLLC filed a motion to dismiss on October 28, 2025. ECF No. 95. RYSE Communications LLC filed an answer on March 27, 2026. ECF No. 130. At no point did the Defaulted Defendants reply or answer the second amended complaint.

On November 6, 2025, Plaintiffs requested an entry of default against

---

1 The page numbers cited in this Decision and Order refer to the pagination inserted by the Court's CM/ECF system in the upper right-hand corner of the document.

Defaulted Defendants. ECF No. 98. The Clerk entered default as to the Defaulted Defendants on November 7, 2025. ECF No. 99. On November 11, 2025, Plaintiffs filed a motion for default judgment as to Defaulted Defendants. ECF No. 100. Also on November 11, 2025, attorney Kenneth Flickinger entered an appearance on behalf of Defaulted Defendants (ECF No. 101) and Defaulted Defendants filed a motion to set aside default (ECF No. 102).

On December 12, 2025, Defaulted Defendants responded to Plaintiffs' motion for default judgment (ECF No. 113) and Plaintiffs responded to the motion to set aside default (ECF No. 115). Defaulted Defendants replied on December 24, 2025, and Plaintiffs replied on December 29, 2025, respectively. ECF Nos. 117, 118.

**2. Factual Allegations**

The following facts are taken from Plaintiffs' pleadings and motion for default judgment and Defaulted Defendants' motion to set aside default, as well as this Court's docket.

Plaintiffs assert that on October 16, 2025, they served copies of the second amended complaint on Defaulted Defendants via email to their attorney, Kenneth Flickinger, at the law firm Offit Kurman. ECF Nos. 100 at 2, 100-2 at 4–5. Offit Kurman had not entered an appearance on behalf of the Defaulted Defendants. ECF No. 100-2 at 4. Three days prior, on October 13, 2025, Attorney Flickinger filed an answer to the second amended complaint on behalf of Defendants Logan and Cirincione. ECF No. 91.

Plaintiffs allege in an October 16, 2025 email to Attorney Flickinger that

"former partner Nafiz Cekirge, ha[d] previously represented to [Plaintiffs], both in writing and through prior communications," that Offit Kurman represents Defaulted Defendants as well as Defendants Logan and Cirincione and "your firm previously agreed to accept service of the Amended Complaint on behalf of all the [Defaulted Defendants] and executed the attached waivers accordingly." ECF No. 100-2 at 4.

Plaintiffs argue that after the October 16th email, "[b]y rule, the Default[ed] Defendants were required to file a responsive pleading on or before October 30, 2025." ECF No. 100 at 3. Defaulted Defendants assert that Attorney Flickinger never confirmed to Plaintiffs that his firm represented the Defaulted Defendants. ECF No. 102-1 at 4.

Plaintiffs and Defaulted Defendants agree that Plaintiffs consented to two extensions of time to file an answer, first until October 24, 2025, and then until October 31, 2025. ECF Nos. 98-1 at 2–3, 100 at 3.

Defaulted Defendants state the extension was necessary because of an investigation into a potential conflict of interest regarding their representation. ECF 102-1 at 4. Defaulted Defendants allege that Defendant Kerrigan, represented by separate counsel, may have been a member or had an interest in the Defaulted Defendants. ECF No. 102-1 at 4–5. As such, on October 22, 2025, Attorney Flickinger emailed counsel for Defendant Kerigan "explaining the conflict of interest, and requesting that a conflict waiver be signed in order for counsel to file a formal appearance on behalf of all [Defaulted] Defendants." *Id.* at 5. On October 24, 2025, after no response to their October 22nd email, they followed up again. *Id.*

Per Defaulted Defendants, on October 24, 2025, counsel for Defendant Kerrigan responded and requested a proposed waiver be sent for review, and a waiver was sent. *Id.* After no response from counsel for Defendant Kerrigan, they reached out again on October 28, 2025 and October 31, 2025, with no response. *Id.*

Defaulted Defendants did not seek a further extension of time with the Court or respond to the second amended complaint by October 31, 2025.

On November 3, 2025, Defaulted Defendants reached out to Plaintiffs for an extension of time until November 10, 2025, which Plaintiffs refused. *Id.* On November 4, 2025, Attorney Flickinger called Plaintiffs' counsel and left a message explaining the reason for delay. *Id.*

Defaulted Defendants explain that after default was entered on November 7, 2025, "counsel for the defendants were able to locate a signed waiver from the defendant, which was obtained by the prior attorney and saved in his personal file, which allows the law firm of Offit Kurman to provide representation for all the [Defaulted D]efendants." ECF Nos. 102-1 at 5–6, 102-4.

Defaulted Defendants further assert that:

> [d]uring the month of October, 2025, we took seriously the plaintiffs' communications concerning the representation of the [Defaulted D]efendants, and during this time we prepared an answer on behalf of the [Defaulted D]efendants to the Second Amended Complaint, and were prepared to file said answer once confirmation was received that there was no conflict with Defendant Kerrigan, or once a signed waiver was received.

ECF No. 102-1 at 6.

Defaulted Defendants attached an amended answer to their November 11, 2025 motion to set aside default, on behalf of the Defaulted Defendants and

Defendants Logan and Cirincione. ECF No. 102-3.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step procedural process for a plaintiff to obtain a default judgment. Fed. R. Civ. P. 55. "First, a plaintiff must seek entry of default where a party against whom he seeks affirmative relief has failed to plead or defend in the action." *Harring v. Pinkcey*, 342 F.R.D. 47, 50 (W.D.N.Y. 2022). "'Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b).'" *Id.* (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

Rule 55 also governs a motion to set aside an entry of default. Fed. R. Civ. P. 55(c). Federal Rule of Civil Procedure 55(c) allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "'Because Rule 55(c) does not define the term good cause, [the Second Circuit] ha[s] established three criteria that must be assessed in order to decide whether to relieve a party from the default or from default judgment.'" *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). "These criteria are: '(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party.'" *Bricklayers*, 779 F.3d at 186 (quoting *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444,455 (2d Cir. 2013)).

"Vacating an entry of default 'under Rule 55(c) is left to the sound discretion of a district court because it is in the best position to assess the individual circumstances

of a given case and to evaluate the credibility and good faith of the parties.'" *McClain v. Gelormino*, 9:17-CV-0046 (LEK/ML), 2021 WL 4477192, at *3 (N.D.N.Y. Sept. 30, 2021) (quoting *Enron Oil Corp.*, 10 F.3d at 95). Additionally, "[i]t is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." *Peckarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). "Default judgments are thus 'reserved for rare occasions' and any 'doubt[s] should be resolved in favor of the defaulting party." *U.S. Fidelity and Guar. Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 406 (S.D.N.Y. 2004) (quoting *Enron Oil Corp.*, 10 F.3d at 96).

"[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

## DISCUSSION

### 1. Willfulness of Defendants' Default

"As to the first factor, courts in this circuit have recognized that 'willfulness' in the context of a motion for a default judgment requires more than a showing of carelessness or negligence and is more akin to bad faith or a demonstration that the defaulting party has engaged in culpable conduct." *Fashion Fragrance & Cosmetics v. Croddick*, No. 02CV6294(WK), 2003 WL 1824638, at *2 (S.D.N.Y. Apr. 8, 2003). "[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *S.E.C. v. McNulty*, 137 F.3d 731, 738 (2d Cir. 1998). Indeed, "defaults have been found willful where, for

example, an attorney failed, for unexplained reasons, to respond to a motion for summary judgment . . . or failed for flimsy reasons, to comply with scheduling orders . . . ." *Id.* (internal citations omitted).

Plaintiffs allege that Defaulted Defendants were making a "strategic decision to default" by failing to answer the second amended complaint. ECF No. 115 at 4. However, given the confusion over representation of Defaulted Defendants, the efforts of counsel to resolve the conflict of interest, and the simultaneous preparation of an amended answer, the Court finds little to no evidence that the failure to answer the second amened complaint was committed for strategic reasons.

Thus, resolving all doubts in favor of Defaulted Defendants as the moving party, the Court accepts that the failure to timely answer the second amended complaint was not willful. *U.S. Fidelity and Guar. Co.*, 220 F.R.D. at 406; *See also Windward Bora, LLC v. Weiss*, 717 F. Supp. 3d 247, 253 (E.D.N.Y. 2024) (adopting a report and recommendation of the Magistrate Judge finding that default was not willful where a party subsequently appeared in the action through counsel).

**2. Existence of a Meritorious Defense**

"In connection with a motion to vacate a default judgment, a defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense." *Peckarsky*, 249 F.3d at 173. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* (quoting *Enron Oil Corp.*, 10 F.3d at 98).

In the context of vacating a default judgment and seeking leave to serve an

answer, the Second Circuit has articulated that "[t]o satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 2 F.3d 57, 61 (2d Cir. 1996). "'A defense is meritorious if it is good at law so as to give the factfinder some determination to make.'" *Id.* (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals & Dyestuffs, Inc.* 856 F.2d 873, 879 (7th Cir. 1988)). "[C]ourts in this Circuit routinely recognize that a defendant need only 'meet a low threshold' to satisfy this factor." *Li v. Fleet N.Y. Metro Reg'l Ctr. LLC*, No. 21-CV-5185, 2022 WL 1666963, at *7 (E.D.N.Y. May 25, 2022) (quoting *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014)).

Defaulted Defendants have met this low bar. Defaulted Defendants' proposed amended answer asserts six affirmative defenses and also denies many of Plaintiffs' claims. ECF No. 102-3. Given the early stage of the litigation, "[i]n denying Plaintiffs' allegations, [Defaulted] Defendants have satisfied the requirement for the purpose of defeating Plaintiffs' . . . Default Motion." *Fashion Fragrance,* 2003 WL 1824638, at *3.

### 3. Prejudice to Plaintiffs

"[D]elay alone is not enough to establish prejudice . . . the delay must 'thwart [claimant's] recovery or remedy, result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *County of Monroe v. Siemens Indus, Inc.* 833 F. Supp. 3d 267, 279 (W.D.N.Y. 2026) (quoting *Green*, 420 F.3d at 110).

Plaintiffs state that "[f]urther delay provides a greater opportunity for fraud,

which has continued throughout this litigation and before." ECF No. 115 at 8. Yet, Plaintiffs have not alleged why the short delay from entry of default to the filing of the motion to vacate provided greater opportunity for fraud. As the docket reflects, the case remains in the pleading stage, with the most recent answer filed in March 2026. ECF No. 130.

Therefore, the Court does not find prejudice to Plaintiffs in setting aside the Clerk's entry of default.

Thus, the Court concludes that the relevant factors weigh in favor of setting aside the entry of default.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY

ORDERED that Defaulted Defendants' motion to set aside default ECF No. 102 is granted;

ORDERED that Plaintiffs' motion for a default judgment ECF No. 100 is denied as moot; and it is further

ORDERED that the Clerk of the Court is directed to vacate the entry of default against the Defaulted Defendants ECF No. 99, and the Defaulted Defendants are permitted to file their amended answer ECF No. 102-3.

SO ORDERED.

Dated: October 23, 2026
Rochester, New York

ENTER:

HON. MEREDITH A. VACCA
United States District Judge